STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ISAAC FORMAN, PLAINTIFF IN ERROR.

Submitted December 5, 1921—Decided March 6, 1922.

1. Under *Pamph. L.* 1921, *p.* 951, which provides that whenever the entire record of the proceedings shall be returned with the writ of error, if it shall appear from a consideration of the entire evidence that the verdict was against the weight of evidence, the appellate court shall remedy such wrong by reversing and awarding a new trial, unless the plaintiff in error challenges the evidence as being insufficient upon which to rest a verdict, and argues that question, he cannot have the benefit of the statute.
2. This court will not consider questions not raised in the court below unless they concern jurisdiction or public policy.

On error to the Supreme Court.

For the plaintiff in error, *William R. Wilson.*

For the defendant in error, *Walter L. Hetfield, Jr.,* prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR.   Plaintiff in error was convicted in the Union County Sessions of the crime of receiving stolen goods, knowing them to have been stolen.   He removed the judgment into the Supreme Court by writ of error, where it was affirmed.   He has removed the Supreme Court's judgment into this court.

This case was submitted on briefs, and in the brief for plaintiff in error this court is asked to consider this case under the act of April 12th, 1921 (*Pamph. L., p.* 951), which provides that whenever the entire record of the proceedings shall be returned with the writ of error (which was done in this case under the Criminal Procedure act, *Comp. Stat., p.* 1863, § 136), if it shall appear from a consideration of the entire evidence that the verdict was against the weight of evidence, the appellate court shall remedy the wrong by reversing such verdict and awarding a new trial.   This act was passed after the argument in the Supreme Court and before the submission of the case here.

Counsel argues that this act overcomes the objection that no relief could be granted the defendant because no exceptions had been taken.   There was an exception to the admission of testimony but no exception raising the grounds which were argued in the Supreme Court, namely, alleged errors appearing in the charge to the jury.   The brief states that the defendant feels that the errors in the charge are such that the conviction against the defendant should be set aside, and nothing else is argued here except alleged error in the charge. It is not suggested that the verdict is against the weight of the evidence, and no argument whatever is made to that effect. It seems plain that under an act authorizing this court to

examine the weight of the evidence and give judgment accordingly, that unless the plaintiff in error challenges the evidence as being insufficient upon which to rest a verdict, he cannot have the benefit of it; and, as we will not consider questions not raised and argued in the court below (except questions of jurisdiction and public policy), we cannot, on this record, or under the act of April 12th, 1921, consider alleged errors in the charge.

Upon both heads, namely, that we will not look at the charge, alleged errors in which were not assigned, and, as we were not asked to reverse because the verdict is against the weight of evidence, the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.